UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH REDING,

               Plaintiff,

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

               Defendant.

CASE NO. C17-5589-BAT

**ORDER REVERSING AND
REMANDING FOR AWARD OF
BENEFITS**

      Deborah Reding seeks review of the denial of her application for Disability Insurance

Benefits. She contends the ALJ failed to provide valid reasons for rejecting her treating doctor's

opinion, the Veteran's Affairs disability rating, her subjective testimony, and her husband's lay

witness evidence. Dkt. 11. The court **REVERSES** the Commissioner's final decision and

**REMANDS** the matter for an immediate award of benefits.

## BACKGROUND

      Ms. Reding is currently 57 years old, has a college education, and has worked as a

marketing manager. Tr. 44, 67, 183. In November 2015, she applied for benefits, alleging

disability as of January 7, 2015. Tr. 183. After her applications were denied initially and on

reconsideration, the ALJ conducted a hearing and, on February 21, 2017, issued a decision

finding Ms. Reding not disabled. Tr. 14-29. The Appeals Council denied Ms. Reding's request

for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.

## THE ALJ'S DECISION

Using the five-step disability evaluation process,[1] the ALJ found that Ms. Reding had not engaged in substantial gainful activity since the alleged onset date, she had the following severe impairments: migraines, lumbar and cervical degenerative disc disease, and shoulder osteoarthritis; and these impairments did not meet or equal the requirements of a listed impairment.[2] Tr. 16-18. The ALJ found that Ms. Reding had the residual functional capacity to perform light work that does not require more than frequent balancing, stooping, kneeling, crouching, crawling, or climbing of ramps and stairs; that does not require climbing of ladders, ropes, or scaffolds; that does not involve concentrated exposure to hazards in the workplace such as dangerous moving machinery or working at unprotected heights; and that does not require that she drive. Tr. 19. The ALJ found that Ms. Reding was capable of performing her past relevant work as a marketing manager and that she was therefore not disabled. Tr. 28-29.

## DISCUSSION

### A.      Dr. Spain's opinion

Ms. Reding argues that the ALJ failed to provide sufficient reasons to reject the opinion of treating neurologist William Spain, M.D. Dkt. 11 at 4. The ALJ must give specific and legitimate reasons for rejecting a treating doctor's opinion that is contradicted by another doctor, and clear and convincing reasons for rejecting a treating doctor's uncontradicted opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

---

[1] 20 C.F.R. § 404.1520.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER REVERSING AND REMANDING FOR AWARD OF
BENEFITS - 2

In June 2016, Dr. Spain completed a medical source statement in which he characterized Ms. Reding's migraines as severe and reported that she had one to two migraines per week, or five to six per month. Tr. 737. He opined that she was incapable of even low stress work, stating that stress at any level leads to migraines, and that during times she had a headache she would generally be precluded from performing even basic work activities and would need a break from the workplace. Tr. 738. He opined that she would likely be off task 20% of the time, have good days and bad days, and miss more than four days of work per month. Tr. 739. He stated she had right-side numbness and difficulty with concentration, odors, light, and sound during a headache. Tr. 740.

The ALJ found that Dr. Spain's opinion was consistent with disability from migraine, but gave it very little weight. Tr. 26. The ALJ found that Dr. Spain gave full credit to Ms. Reding's headache logs, which the ALJ found to be simply a log of subjective complaints that were not consistent with her treatment history, as shown by the fact that she did not present to the emergency room or her VA providers during a migraine episode and was able to attend three physical therapy sessions when complaining of headache or migraine. *Id.* The ALJ found that subjective complaints alone were insufficient to establish the degree of functioning restriction Ms. Reding claimed. *Id.*

An ALJ does not provide adequate reasons for rejecting a treating doctor's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own clinical findings. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Here, there is nothing in the record to indicate that Dr. Spain questioned Ms. Reding's reports to him, either in his medical source statement or over the course of three years of treatment. Dr. Spain did not simply parrot what Ms. Reding told

him, but applied his own independent medical judgment based on his clinical findings. The ALJ erred in rejecting Dr. Spain's opinion as based in large part on Ms. Reding's statements.

Moreover, the ALJ's finding that Ms. Reding's complaints were inconsistent with her treatment history was not supported by substantial evidence. The ALJ's reliance on Ms. Reding's lack of treatment at the emergency department was based solely on the ALJ's own assumption that visiting the emergency department during a migraine was a recommended or appropriate treatment. There is no indication in the record that Dr. Spain or any other provider directed, or even suggested, that Ms. Reding should go to the emergency department during a migraine. The fact that she did not follow a course of treatment not recommended by her doctors does not undermine her complaints or Dr. Spain's opinion.

And the ALJ's finding that Ms. Reding was able to attend three physical therapy appointments while having migraines is not supported by the treatment notes. The treatment note from December 9, 2015, states that Ms. Reding "got a migraine today with sensations of nausea." Tr. 591. This note does not state that she was suffering from a migraine during the appointment. On January 9, 2016, the notes states that "today she is having a significant headache" and that she was having cervicogenic headaches twice per week. Tr. 716. This note does not reference migraine headaches. And the note from February 3, 2016, states that "she had a migraine since yesterday and is more fatigued today." Tr. 715. This note refers to the migraine as occurring the past and is consistent with Ms. Reding's reports that she required a half-day to a day to recover after a migraine. Tr. 61. These treatment notes do not undermine Ms. Reding's complaints or Dr. Spain's opinion.

The ALJ gave very little weight to Dr. Spain's opinion that Ms. Reding was incapable of even low stress work as stress at any level let to migraines. Tr. 26. The ALJ found that while Ms.

Reding testified that stress caused migraines, she did not seek treatment for stress or tell her neurologists that stress contributed to her episodes, and this was merely another subjective report that was insufficient to establish the claimed restrictions. *Id.* Again, the ALJ cannot discount Dr. Spain's opinion because it relied on Ms. Reding's subjective reports when Dr. Spain himself did not question those reports.

The ALJ rejected Dr. Spain's opinion that Ms. Reding would be precluded from performing even basic work activities when having a migraine and would require a break from the workplace for the duration of the migraine and would have to lie down on such a break, finding that Ms. Reding's presentation to physical therapy appointments with a migraine showed that she was not incapacitated by the episodes. Tr. 26. As discussed above, the treatment notes do not support the ALJ's finding that Ms. Reding presented to physical therapy during migraine episodes. This was not a valid basis for rejecting Dr. Spain's opinion.

The ALJ rejected Dr. Spain's opinion that Ms. Reding would be off task for 25% or more of the workday, would have good days and bad days, and would miss more than 4 days per month because these opinions were based on Ms. Reding's complaints without "confirming ER or other treatment visits." Tr. 26. As previously discussed, this is not a valid reason to reject Dr. Spain's opinion. The ALJ also rejected this opinion because Ms. Reding's refusal to take a prophylactic medication with a 30% chance of improvement led the ALJ to conclude that the episodes were not incapacitating. Tr. 26. The ALJ again impermissibly imposed her own assessment of Ms. Reding's subjective statements onto Dr. Spain's opinion. Dr. Spain did not question Ms. Reding's reports based on her rejection of prophylactic medication. This was not a valid reason to reject his opinion.

Finally, the ALJ rejected Dr. Spain's opinion that Ms. Reding's entire right side went numb during headaches and she had difficulty with concentration, odors, light, and sounds, finding insufficient evidence of complaints of numbness during headaches and no reports by her physical therapist of difficulty with concentration when she presented to physical therapy with a migraine. Tr. 26. As discussed above, the physical therapy treatment notes do not establish that Ms. Reding had migraines during her appointments; these notes do not establish a basis to reject Dr. Spain's opinion on concentration. However, the ALJ validly identified Dr. Spain's opinion about right-side numbness to be unsupported by complaints elsewhere in the record.

The only portion of Dr. Spain's opinion that the ALJ validly identified as unsupported by the evidence was his statement about right-side numbness. But the ALJ failed to give specific and legitimate reasons, supported by substantial evidence, for rejecting the primary conclusion of the opinion. The ALJ instead relied on conjecture about appropriate medical treatment and improperly inserted her own assessment of Ms. Reding's credibility into the analysis of the doctor's opinion. These errors were harmful, despite the valid reason to reject one statement in the opinion.

**B.    VA rating**

Ms. Reding argues that the ALJ failed to give sufficient reason to reject her VA disability rating. Another agency's disability determination is not binding on the Social Security Administration. 20 C.F.R. § 404.1504. And yet, because of the "marked similarity" between the SSA and VA disability programs, these two federal disability programs, the ALJ must "ordinarily give great weight" to a VA determination of disability, although the ALJ "may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

1       The VA recalibrated Ms. Reding's disability rating in April 2016, assigning a 50%

2   disability rating to her migraines and making a finding of individual unemployability beginning

3   in January 2015. Tr. 727-28. The ALJ found that Ms. Reding's treatment history and subjective

4   reports to physicians were inconsistent with the VA's ultimate conclusion regarding disability.

5   Tr. 27. The ALJ again pointed to the three physical therapy visits discussed above, and found

6   that the record did not show missed appointments due to headache and no visits specifically to

7   treat headache other than regularly scheduled neurology appointments. *Id.* These are the same

8   reasons the ALJ relied on to reject Dr. Spain's opinion, and they are no more valid nor

9   persuasive with respect to the VA disability rating.

10      The ALJ also noted the different evidentiary burdens in the VA and SSA disability

11  regulations, finding that the divergence between them represents a material difference between

12  the proceedings. Tr. 27. This is a general observation of the difference between the two programs

13  and not a reason specific to this case for rejecting the VA rating. It is therefore contrary to the

14  standard required by *McCartey* for giving less weight to a VA rating. The ALJ failed to give

15  persuasive, specific, and valid reasons for rejecting the VA rating.

16      **C.      Ms. Reding's subjective complaints**

17      Ms. Reding argues that the ALJ failed to give sufficient reason for rejecting her

18  subjective claims. Dkt. 11 at 10. The ALJ did not find that Ms. Reding was malingering. Thus,

19  the ALJ was required to provide clear and convincing reasons to reject her testimony. *See*

20  *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific

21  findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ

22  must identify what testimony is not credible and what evidence undermines the claimant's

23  complaints." *Lester*, 81 F.3d at 834.

The ALJ found that Ms. Reding's testimony about the limitations her migraines caused was not reflected in the record, as evidenced by no failed or cancelled appointments due to migraine and the aforementioned three appointments attended while supposedly having a migraine. Tr. 23. Again, this finding is not supported by the record; it is not a valid reason to reject Ms. Reding's testimony.

The ALJ noted that Ms. Reding reported that one type of headache occurred after a run, but she showed no interest in changing her exercise habits. Tr. 23. Ms. Reding reported that she experienced pain over the site of her craniotomy after a run. Tr. 1153. But this statement did not concern migraines, and the ALJ did not explain its relevance to her testimony about her migraines. At the same visit, Ms. Reding reported approximately five migraines per month, lasting up to a day. *Id.* This report was consistent with her testimony about migraines. Her statement about another type of headache was not a legitimate reason to reject her testimony about migraines.

The ALJ noted that Ms. Reding repeatedly declined her neurologists' recommendations to try migraine prophylaxis and that she explained at the hearing that this was because she first wanted to focus her treatment on seizures, and, after her seizures were under control, she was not interested because it was expected to improve her migraines by only 30 percent. Tr. 23-24. The ALJ found her decision to focus first on treating her seizures reasonable, but found it unreasonable that she would not wish to try the medication after that, which the ALJ concluded meant her migraines were not as incapacitating as she testified. Tr. 24. An ALJ may consider a claimant's unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment when evaluating credibility. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). But here, the record shows that although her providers presented prophylactic

medication as an option, they did not disagree with her decision not to add an additional medication to her regime. In June 2015, while Ms. Reding was adjusting her seizure medication, her provider recommended a "multimodal strategy" to address her migraines, including dietary changes, supplements, exercise, and continued use of the medication she had already found helpful. Tr. 624. In September 2015, when Ms. Reding was still adjusting her seizure medication, she remained uninterested in a daily medication for headache prophylaxis and continued to use lifestyle modifications. Tr. 611. In December 2015, when she had achieved the correct dosage of her seizure medication, she again remained uninterested in prophylactic medication for migraine. Tr. 586. Her provider found it reasonable to wait until external triggering factors for her migraines had improved as Ms. Reding wished. Tr. 587. In June 2016, Ms. Reding reported having up to five migraines per month, and her provider discussed prophylactic medication but Ms. Reding's preference continued to be to avoid additional prescribed medications. Tr. 1153. In December 2016, Ms. Reding reported having four migraines per month, and her provider noted that preventive migraine medications are usually given when migraines are more frequent than four per month, a threshold Ms. Reding no longer met. Tr. 1160. Ms. Reding's providers agreed with or found it reasonable for her to decline prophylactic medication during the period after she had stabilized her seizure medication and before her migraines fell below the threshold for prophylactic medication. The record does not support the ALJ's finding that she unreasonably declined prophylactic medication even after treating her seizures. This was not a valid reason to reject her testimony.

The ALJ failed to give clear and convincing reasons for rejecting Ms. Reding's subjective statements about her migraines, instead relying on the same invalid reasons used to reject Dr. Spain' opinion and the VA disability rating.

### E.    Remand for benefits

The court may remand for an award of benefits where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Courts have flexibility in applying this rule, and may instead remand for further proceedings where the record as a whole "creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

The court finds that all conditions for an award of benefits have been met in this case. The record is fully developed and there is no indication that further administrative proceedings would be useful. The ALJ failed to provide legally sufficient reasons for rejecting Dr. Spain's opinion, the VA disability rating, and Ms. Reding's subjective statements. And if that evidence were credited as true, the ALJ would be required to find Ms. Reding disabled on remand. The ALJ acknowledged that Dr. Spain's opinion was consistent with disability. Tr. 26. The VA rating of unemployability is likewise consistent with disability. And the vocational expert testified that a person who was absent at least three days per month, a level consistent with Dr. Spain's opinion and Ms. Reding's testimony, would likely have problems maintaining employment. Tr. 68. Finally, the court finds no reason to decline to apply this rule based on serious doubt that Ms. Reding is in fact disabled. Accordingly, the court finds that remand for an immediate award of benefits is the appropriate remedy in this case.[3]

---

[3] Ms. Reding also challenged the ALJ's rejection of the lay witness statements by her husband. Because the court finds that remand for award of benefits is appropriate based on the ALJ's errors in rejecting Dr. Spain's opinion, the VA disability rating, and Ms. Reding's subjective

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is

**REMANDED** for an immediate award of benefits.

DATED this 17th day of July, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

_____

statements, the court finds it unnecessary to evaluate the ALJ's findings regarding Mr. Reding's
statements.